# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SAMUEL G. MCDANIEL,
        Appellant,

        v.

OFFICE OF PERSONNEL
   MANAGEMENT,
        Agency.

DOCKET NUMBER
SF-0831-16-0017-I-1

DATE: August 16, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Samuel G. McDaniel, Victorville, California, pro se.

Roxann Johnson, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal for failure to prosecute. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2    The appellant separated from his employment with the U.S. Postal Service in 1995.  Initial Appeal File (IAF), Tab 1 at 5, Tab 4 at 4, 9.  He filed a profanity‑laced appeal in which he checked boxes indicating that he sought to appeal both his removal and a failure to restore, but he indicated that he had received the agency's final decision letter in the matter at issue on September 9, 2015, and also wrote an Office of Personnel Management (OPM) retirement case docket number, CSA[2] 4111739, next to that date on his appeal form.  IAF, Tab 1 at 1, 3.  He included with his appeal a copy of a letter bearing the same date and CSA number in which OPM told him of its determination that he was not eligible for an annuity, noting both his March 9, 1995 request for a refund of his retirement contributions and his September 5, 1995 separation from service.  *Id.* at 9-10.  In its letter, OPM informed the appellant that, because he was no longer employed by the Federal Government and had received a refund of his retirement contributions, he was neither entitled to an annuity, nor eligible to make a redeposit of the refund he had received.  *Id.*  The appellant also included a copy of his signed March 9, 1995 application for a refund of his retirement contributions, on which he had written a narrative in the margins and on the reverse side.  *Id.* at 12-13.

¶3    The administrative judge issued an acknowledgment order in which, among other things, he informed the appellant of his burden to establish jurisdiction over his appeal.  IAF, Tab 2.  The appellant did not respond.  OPM submitted its file on the matter, in which it again explained that, because the appellant had received a refund of his retirement contributions and had not since been reemployed by the Federal Government such that he would be allowed to redeposit those funds, he was ineligible for a deferred annuity.  IAF, Tab 4 at 4.  The administrative judge

---

[2] CSA is an abbreviation for Civil Service Annuity.

then issued a hearing order in which he ordered the parties to make their prehearing submissions and set a time for the prehearing conference. IAF, Tab 5.

¶4 Because the appellant failed to file his prehearing submissions or to appear for the prehearing conference, the administrative judge issued a show cause order in which he ordered the appellant to advise him in writing whether he wished to continue his appeal against OPM regarding its 2015 decision to deny him retirement benefits and he rescheduled the prehearing conference. IAF, Tab 6. While the appellant did not respond in writing by December 1, as directed, he called in to participate in the previously-scheduled telephonic hearing and the administrative judge gave him an extension of time in which to file his prehearing submissions. IAF, Tab 8. The appellant responded with another profanity‑laced tirade regarding his 1995 removal; he reiterated his request for a hearing, but, for the second time, failed to file his prehearing submissions. IAF, Tab 9. Moreover, he failed to address what the administrative judge determined was "the sole issue" in this appeal, OPM's denial of the appellant's application for an annuity based on the refund of retirement contributions he received. IAF, Tabs 6, 9.

¶5 The administrative judge then issued a second show cause order in which he recounted the appellant's failure to submit his prehearing submissions or to participate in either prehearing conference as ordered. IAF, Tab 12. The administrative judge also explained once again how this appeal was solely about OPM's decision to deny his application for retirement benefits and not about the appellant's 1995 removal from the U.S. Postal Service, an appeal of which was dismissed previously as withdrawn. *Id.*; *see McDaniel v. U.S. Postal Service*, MSPB Docket No. SF-0752-95-0403-I-1, Initial Decision (May 10, 1995). Importantly, the administrative judge informed the appellant that the sanction of dismissal with prejudice may be imposed for his repeated failure to respond to multiple Board orders, and he ordered the appellant to file evidence and argument to advise the administrative judge if he wanted to proceed with his appeal of OPM's final decision "or to otherwise show cause why the appeal should not be

dismissed for failure to prosecute." IAF, Tab 12 at 3-4. The appellant failed to respond, and the administrative judge dismissed the appeal for failure to prosecute. IAF, Tab 13, Initial Decision (ID).

¶6        In his untimely petition for review, the appellant claims that he is entitled to retirement benefits because the U.S. Postal Service "failed to properly maintain and manage my personnel records of my health and job injuries." Petition for Review (PFR) File, Tab 1 at 2. The Clerk of the Board (Clerk) informed the appellant that, because the regional office issued an initial decision in his case on January 25, 2016, his petition for review was untimely filed because it was not postmarked or received by the Board on or before February 29, 2016, the 35th day following the issuance of the initial decision. PFR File, Tab 2; 5 C.F.R. § 1201.114(e). The Clerk also informed the appellant that the Board's regulations therefore require him to file a motion to accept the filing as timely and/or waive the time limit for good cause and that his motion must include a sworn affidavit showing either that his petition was timely filed or that there is good cause for the late filing. PFR File, Tab 2. The appellant has not filed the required motion or otherwise responded to the Clerk's letter. The agency responded in opposition to the appellant's petition for review. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7        The Board's regulations require that a petition for review be filed within 35 days after the date of the issuance of the initial decision, or, if a party shows that he received the initial decision more than 5 days after it was issued, within 30 days after his receipt of the initial decision. *E.g.*, *Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 3 (2014); 5 C.F.R. § 1201.114(e). The Board will waive the filing deadline for a petition for review only upon a showing of good cause for the untimely filing. *Palermo*, 120 M.S.P.R. 694, ¶ 4; 5 C.F.R. § 1201.114(g). The party who submits an untimely petition for review has the burden of establishing good cause for the untimely filing by showing that he

exercised due diligence or ordinary prudence under the particular circumstances of the case. *Palermo*, 120 M.S.P.R. 694, ¶ 4. To determine whether a party has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and the party's showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to his inability to timely file his petition. *Id.*

¶8    The deadline for filing a petition for review in this matter was February 29, 2016. ID at 5; 5 C.F.R. § 1201.114(e). The initial decision informed the appellant that the decision would become final unless a petition for review was filed by that date. ID at 5. His petition for review was nevertheless postmarked on March 4, 2016, making it 4 days late. PFR File, Tab 1 at 3; 5 C.F.R. § 1201.114(e). The appellant has not alleged that he received the initial decision more than 5 days after the administrative judge issued it, and he has not offered any reason for his delay in filing the petition for review. PFR File, Tab 1. Although the Clerk afforded the appellant the opportunity to show good cause for the untimely filing, PFR File, Tab 2, the appellant failed to respond to the Clerk's notice on the untimeliness of his petition for review.

¶9    The appellant's late petition does not meet the requirements of 5 C.F.R. § 1201.114(g), because it is not accompanied by a motion for waiver and either an affidavit or a statement signed under penalty of perjury, stating why he believes there is good cause for his untimely filing. Although the appellant is proceeding pro se and the 4-day filing delay was minimal, the Board will not waive its regulatory filing deadline where a good reason for the delay is not shown. *See, e.g.*, *Cabarloc v. Department of Veterans Affairs*, 112 M.S.P.R. 453, ¶ 10 (2009). The appellant has not acknowledged the lateness of his petition for review nor provided any reason whatsoever for the delay. Thus, we find that the appellant

has failed to demonstrate good cause for the untimeliness of his petition for review.

¶10    Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the appellant's application for retirement benefits.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                 _____
                                                 Jennifer Everling
                                                 Acting Clerk of the Board

Washington, D.C.